IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HEATHER ANDERSON, | Case No. 3:15-cv-01389-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff, Heather Anderson ("Anderson"), is employed by Defendant, Kaiser Foundation Health Plan of the Northwest ("Kaiser"). Anderson filed this lawsuit, alleging that Kaiser: (1) discriminated against Anderson by failing reasonably to accommodate her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; (2) retaliated against her in violation of the ADA, 42 U.S.C. § 12203; and (3) violated the common-law prohibition against intentional infliction of emotional distress ("IIED"). After Kaiser filed its motion for summary judgment, Anderson withdrew her claims for retaliation under the ADA and common-law IIED. The Court granted Kaiser's motion for summary judgment on Anderson's claim for discrimination under the ADA. Kaiser now seeks its attorney's fees and costs.

PAGE 1 – OPINION AND ORDER

## STANDARDS

In the context of reviewing a civil rights claim under Title VII of the Civil Rights Act of 1964, the U.S. Supreme Court explained the limited circumstances in which a court may grant attorney's fees to a prevailing *defendant* in civil rights cases:

> In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.
>
> That § 706(k) allows fee awards only to prevailing private plaintiffs should assure that this statutory provision will not in itself operate as an incentive to the bringing of claims that have little chance of success. To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense

*Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421-22, (1978).

PAGE 2 – OPINION AND ORDER

The Ninth Circuit has held that the *Christiansburg* standard for considering attorney's fees for a prevailing defendant also applies to cases brought under the ADA. *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997); *see also Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) ("But while prevailing plaintiffs [under the ADA] regularly recover their fees, 'policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.' Accordingly, 'fees should be granted to a defendant in a civil rights action only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.' (9th Cir. 1997) (quoting *Christiansburg*, 434 U.S. at 418–19, and *Summers*, 127 F.3d at 1154, respectively). Further, the Ninth Circuit has held that the same standard also applies to a request for *costs* under the ADA. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001); *see also Martin v. California Dep't of Veterans Affairs*, 560 F.3d 1042, 1052 (9th Cir. 2009).

## DISCUSSION

### A.  Attorney's Fees and Costs Under the ADA

Kaiser argues that Plaintiff's ADA retaliation claim was frivolous, as evidenced by Plaintiff's withdrawal of that claim. The fact that Plaintiff withdrew her retaliation claim is not evidence that the claim was frivolous or without foundation. There are many strategic reasons why a party may choose to withdraw a claim. Accordingly, the Court declines to find Plaintiff's ADA retaliation claim was frivolous for purposes of awarding attorney's fees or costs under the ADA.

Kaiser also argues that Anderson's ADA discrimination claim was frivolous and without foundation. Kaiser argues this conclusion is evidence by: (1) the fact that Kaiser had offered Anderson the reasonable accommodation that is currently in place before this lawsuit was filed; (2) the fact that Anderson's attorney purportedly admitted at the summary judgment hearing and

in an earlier email that the accommodation provided by Kaiser appeared to be reasonable; and (3) the fact that Anderson offered no evidence at summary judgment that the accommodation was not reasonable. The Court disagrees with Kaiser's characterization of the evidence and finds that the evidence does not demonstrate that Plaintiff's claims were frivolous and without foundation.

Anderson argued that there was a genuine issue of fact as to whether the accommodation provided by Kaiser was reasonable, because the accommodation did not guarantee that Anderson would not interact with Mr. Anton Puls, the co-worker who triggers Anderson's anxiety, and because there is no guarantee that this accommodation will continue into the future. *See* Dkt. 15 at 5-8; Dkt. 32 at 11-12. Anderson's counsel's email is not evidence to the contrary. This email stated:

> At trial, I don't think we will have any trouble proving that [Anderson] has a qualifying disability and that she has suffered emotional distress related to the events at Kaiser. I think the only issue will be [whether] or not the accommodations offered by Kaiser were reasonable. I am aware that Kaiser has no obligation to offer the accommodation proposed by [Anderson], but [Kaiser's] solutions still have to solve the issue. It is my understanding that [Mr. Puls] and [Anderson] have not been working together on the same crew for quite some time. I would agree that this is a reasonable accommodation and the fact that Kaiser has been able to manage it so far strongly suggests that it would pose no undue hardship upon them.

Dkt. 27-1 at 1. Indeed, in the email it appears that Anderson's attorney was indicating that a permanent separation would be a reasonable accommodation and would not be unduly burdensome on Kaiser, not that Anderson's attorney was agreeing that Kaiser had already offered this accommodation as a permanent and reasonable ADA accommodation.

Anderson's counsel made a similar statement at the summary judgment hearing, stating that:

PAGE 4 – OPINION AND ORDER

> And we would at least concede, for the sake of argument, there
> may very well be a reasonable accommodation in place *now*. There
> does seem to be a separation, which does seem to help. *And if
> that's true going forward*, then I would concede that our—our only
> claims would be for the pain and suffering caused until that
> accommodation was put in place.

Dkt. 32 at 11-12 (emphasis added). Anderson's counsel further argued, however, that the

accommodation in place as of the summary judgment hearing, in which there is complete

separation between Anderson and Mr. Puls, was not the accommodation offered early in the

process. *See* Dkt. 32 at 15. The earlier offered accommodation involved separation between

Anderson and Mr. Puls three days per week and for the fourth day a supervisor would be present

so that Anderson would not have to work alone with Mr. Puls. *See* Dkts. 12 at 12, 32 at 14. But

Anderson would still be required to interact with Mr. Puls on that fourth day.

The Court ultimately concluded that Kaiser satisfied its obligations under the ADA and granted

summary judgment in favor of Kaiser. This conclusion, however, does not render Anderson's

claims frivolous or without foundation. *See Christiansburg*, 434 U.S. at 421; *Kohler*, 780 F.3d

at 1266. Although the Court did not agree with Anderson's legal conclusions regarding the

accommodations offered by Kaiser, the Court does not find Anderson's claims were frivolous.

Accordingly, Kaiser's motion for attorney's fees and costs under the ADA is denied.

**B.  Costs for the IIED Claim**

Kaiser also argues that it is entitled to costs for defending Anderson's IIED claim, and

that all requested costs should be awarded even if only the IIED claim triggers the cost award.

Absent a showing of circumstances not relevant here, an award of costs is generally governed by

federal law. *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th

Cir. 1987). Accordingly, the Court applies federal law to the issue of awarding costs in this case.

Under 28 U.S.C. § 1920,[1] a federal court may tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).[2] The Court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation. The Court, however, may not tax costs beyond those authorized by Section 1920. *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995). Defendant requests costs for deposition transcripts, photocopying, and docket fees. These are permissible under Section 1920.

Where a defendant prevails on a claim that entitles the defendant to costs in addition to ADA claims that do not, a district court may award costs for the non-ADA claim in proportion to the percentage of the total litigation that claim represents. *Martin*, 560 F.3d at 1053. In this case, Plaintiff's ADA claims were her primary claims. The Court finds that her IIED claim represented

---

[1] Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[2] Rule 54(d)(1) provides in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

only 20 percent of her case. The Court does not agree with Kaiser that the full amount of

deposition time or photocopies would have been required if no ADA claims were filed.

Accordingly, the Court awards 20 percent of Defendant's total requested costs of $2,371.48, for

a cost award of $474.30.

## CONCLUSION

Defendant Kaiser's Motion for Attorney's Fees (Dkt. 25) is DENIED. Defendant's

request for costs (Dkt. 26) is GRANTED IN PART. Defendant is awarded $474.30 in costs.

**IT IS SO ORDERED.**

DATED this 16th day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge